

# KAUFMAN DOLOWICH VOLUCK
### ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

*Matthew Cohen, Esq.*
*mcohen@kdvlaw.com*

November 2, 2017

**VIA ECF**
Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**  ***Kobeck v. Armonk Bristal LLC, et al.***
         **Case No. 7:16-cv-08770 (VB)**

Dear Judge Briccetti:

  This office represents the Defendants in the above referenced matter.

  We write this letter in response to Taimur Alamgir's correspondence to Your Honor dated November 2, 2017 in which Mr. Alamgir blatantly misrepresents our previous discussions. On October 30, 2017, Mr. Alamgir and I had a telephone call during which I asked for additional time to produce the agreed-upon ESI and to advise whether Defendants would stipulate to operating as a "single integrated enterprise." During this telephone call, I indicated that I would provide Mr. Alamgir with an update regarding this requested discovery by the end of this week, and Mr. Alamgir agreed. I further left Mr. Alamgir a voice mail yesterday afternoon to discuss the case but did not receive a call back. Mr. Alamgir conveniently failed to disclose any of the contents of our October 30th conversation in his letter to Your Honor, and instead of abiding by our agreement and waiting for my update, is seeking to waste this Court's time seeking discovery for which there is no dispute and to augment his legal fees unnecessarily.

  As Mr. Alamgir well knows, Defendants are diligently working on producing agreed-upon ESI, but as the ESI production contains tens of thousands of pages, it will take a substantial amount of time to produce. Mr. Alamgir has been made aware of this as well. There is just no possible way that the ESI can be produced by Mr. Alamgir's arbitrary November 6th deadline, a deadline which was never discussed with me. In fact, I was notified earlier today by someone in our IT department who is assisting with the ESI production that it could take a few additional weeks until all of the ESI is ready, solely based on the large volume of the production. Notably, we recently made efforts to discuss ways to further refine the ESI discovery requests, which would scale down the production, but opposing counsel has rejected such additional efforts.

  With regards to whether Defendants will stipulate to operating as a "single integrated enterprise," Mr. Alamgir was also made well aware that I would be getting back to him after discussing same with my clients, and that I simply needed additional time to confirm with

Defendants. I expect to have confirmation on a response to this question by the time Defendants respond to Plaintiffs' Amended Complaint on November 16, 2017.

      Had Mr. Alamgir simply returned the voice mail I left him yesterday, waited until the end of the week as promised, or simply called my office prior to submitting his letter and burdening the Court, I would have happily provided him with the agreed-upon update. Such a blatant misrepresentation to the Court regarding counsel's discussions and agreement is troubling and should not be rewarded by this Court. Moreover, as Defendants are diligently working to respond to the alleged discovery issues as quickly as possible, there appears to be no valid need for a pre-motion conference to be scheduled at this time.

                                      Respectfully submitted,
                                      Kaufman Dolowich & Voluck, LLP

                                      Matthew Cohen

cc:      All counsel of record via ECF

4826-2786-5171, v. 1