```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN KOBECK, on behalf of himself,             :
FLSA Collective Plaintiffs and Class Members,  :
                            Plaintiff,         :
v.                                             :     ORDER
                                               :
ARMONK BRISTAL LLC, et al.,                    :     16 CV 8770 (VB)
                            Defendants.        :
--------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/18

Briccetti, J.:

By letter dated January 16, 2018 (Doc. #105), plaintiffs' counsel requests that the Court (i) expand "the scope of the stipulated FLSA Collective Action in this matter to include all non-exempt sales employees . . . including all individuals who allegedly entered into purported arbitration agreements"; or (ii) convene a pre-motion conference regarding the same.

Plaintiffs' application is DENIED as plainly without merit, for substantially the reasons set forth in defendants' letter of February 6, 2018. (Doc. #110).

First, on April 28, 2017, the parties stipulated to conditional collective certification in which they agreed upon the scope of the collective action. (Doc. #47). Nothing in the stipulation permits plaintiffs to expand the agreed-upon conditional collective certification.

Second, employees who signed defendants' dispute resolution agreement, thereby waiving the right to bring suit in federal court, are plainly not "similarly situated" to employees who timely opted out of defendants' dispute resolution agreement.

Third, plaintiffs' counsel's purported concern regarding the ability of covered employees to "find out about the FLSA claims asserted in this action" is disingenuous. Nothing in the April 28, 2017, stipulation precludes plaintiffs or plaintiffs' counsel from notifying defendants'

employees about (i) this action; (ii) their rights under the FLSA; or (iii) their right to participate in defendants' dispute resolution process, including the right to arbitrate on an individual basis.

Finally, to expand dramatically the scope of this litigation on the eve of the close of discovery would prejudice defendants, and would be detrimental to named plaintiffs' interest in a just, speedy, and inexpensive resolution of this matter. See Fed. R. Civ. P. 1.

Accordingly, plaintiffs' motion is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #105).

Dated: February 9, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge