```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN KOBECK and LASHONDA COX, on            :
behalf of themselves, FLSA Collective       :
Plaintiffs, and Class Members,              :               OPINION AND ORDER
                   Plaintiffs,              :
                                            :               16 CV 8770 (VB)
v.                                          :
                                            :
ARMONK BRISTAL LLC, ARMONK SENIOR           :
CARE LLC, WOODCLIFF LAKE SENIOR             :
CARE, LLC, WOODCLIFF LAKE BRISTAL           :
LLC, SAYVILLE BRISTAL LLC, WESTBURY         :
SENIOR LIVING, INC., LYNBROOK SENIOR        :
CARE, LLC, EB AT HOLTSVILLE, LLC,           :
LAKE GROVE SENIOR CARE LLC, EB CARE         :
AT WEST BABYLON LLC, ENGEL BURMAN           :
AT JERICHO, LLC, ENGEL BURMAN AT            :
ENGLEWOOD LLC, ENGEL BURMAN AT              :
WAYNE LLC, ULTIMATE CARE ASSISTED           :
LIVING MANAGEMENT LLC, JAN                  :
BURMAN, STEVEN KRIEGER, MARYELLEN           :
MCKEON, LAURIE MUSTO, LORI                  :
MALONEY, and SAMANTHA KRIEGER,              :
                   Defendants.              :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs John Kobeck and Lashonda Cox bring this action, on behalf of themselves and members of purported class and collective actions, alleging defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New York Labor Law ("NYLL"), and the New Jersey Wage and Hour Law ("NJWHL"). Cox also brings race discrimination and hostile work environment claims under the New Jersey Law Against Discrimination ("NJLAD").

Now pending is defendants' partial motion to dismiss the second amended complaint ("SAC") pursuant to Rule 12(b)(1). (Doc. #97). Specifically, defendants seek dismissal of Cox's state law discrimination claims.

1

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

In deciding the pending motion, the Court accepts as true all well-pleaded allegations in the SAC, and draws all reasonable inferences in plaintiffs' favor, as set forth below.

I.  Plaintiffs' Wage-Related Allegations

Plaintiffs allege the defendant assisted living facilities operate as a single enterprise, under the control of the individual defendants and the Engel Burman Group (collectively, "defendants").

Plaintiff Kobeck was employed by defendants from approximately May 3, 2016, until his termination on or about June 28, 2016.[1]  For the first several weeks of his employment, Kobeck worked as a community relations director at the Bristal at Woodcliff Lake.  Kobeck was compensated at a fixed rate of $2,652.00 per two-week period, plus commission.  Kobeck then was transferred to the Bristal at Armonk, where he continued working as a community relations director.  At defendants' Armonk facility, Kobeck was compensated at a fixed rate of $2,500.00 per two-week period, plus commission.

Plaintiff Cox was employed by defendants from approximately October 27, 2013, until her termination on June 8, 2016.  Cox worked at the Bristal at Woodcliff Lake as a community relations director.  Cox received raises on an annual basis, earning between $2,115.39 and $2,310.43, plus commission, per two-week period.

---

[1]  It is not clear whether Kobeck was terminated on June 26, 27, or 28, 2016.  (See SAC ¶¶ 66, 68, 110).

Defendants classified Kobeck and Cox as commissioned employees, but never paid them commission. Additionally, defendants regularly required Kobeck and Cox to work in excess of forty hours per week, but did not pay additional wages for overtime hours.

According to plaintiffs, defendants had a practice of misclassifying employees as overtime exempt, so as to avoid paying a premium for overtime hours, as required by the FLSA, NYLL, and NJWHL.

II.  Cox's Other Allegations

Cox alleges defendants permitted a racially hostile environment at the Bristal at Woodcliff Lake.

According to Cox, she was the only African American community relations director at the facility. Cox alleges one of her colleagues frequently made derogatory statements about African Americans, including telling Cox she resembled a "black bear," and referring to another person as a "nigger." (SAC ¶ 113). Although Cox complained about these remarks, no disciplinary action was taken against her colleague.

Cox further alleges she was required to perform menial tasks, such as retrieving lunch for senior staff, which were not required of non-African American colleagues.

Similarly, Cox's recommendations to her supervisor, defendant Maloney, and Cox's requests for assistance from her colleagues, were disregarded, unlike those of non-African American colleagues.

Finally, in May 2016, at Maloney's suggestion, the Bristal at Woodcliff Lake hired a caucasian community relations director. Within weeks, the facility allegedly terminated Cox without explanation, and replaced her with the new hire.

**DISCUSSION**

I.  Legal Standards

    A.  Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

    B.  Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

4

"[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted). Thus, the exercise of supplemental jurisdiction is justified "where the facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000) (internal citation omitted). The exercise of supplemental jurisdiction is not justified "when the federal and state claims rest[ ] on essentially unrelated facts." Id.

In addition, the Court "may decline to exercise supplemental jurisdiction over a [state] claim" if (i) "the claim raises a novel or complex issue of State law"; (ii) "the claim substantially predominates" over the federal claim; (iii) the court has dismissed all other federal claims; or (iv) there are exceptional circumstances. 28 U.S.C. § 1367(c). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity." Klein & Co. Futures Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).

II.     Discussion

Defendants argue Cox's NJLAD claims must be dismissed because they are not sufficiently related to plaintiffs' FLSA claims to justify the exercise of supplemental jurisdiction.

The Court agrees.

District courts in this circuit have held that an employment relationship "does not establish a 'common nucleus of operative fact' where it is the sole fact" connecting federal and non-federal claims. Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (collecting cases).

5

Here, aside from the employment relationship, there is almost no factual overlap between plaintiffs' FLSA claims and Cox's discrimination claims.

The evidence supporting plaintiffs' FLSA claims will involve testimony regarding the hours plaintiffs worked, their classification as exempt employees, and the compensation they received.

In contrast, Cox's NJLAD claims involve "different rights, different interests, and different underlying facts." Hernandez v. Mauzone Home Kosher Prod. of Queens, Inc., 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013). Factual issues central to Cox's discrimination and hostile work environment claims are irrelevant to plaintiffs' FLSA claims.[2] For example, to prove their FLSA claims, plaintiffs' will not need to establish whether Cox was terminated in circumstances giving rise to an inference of discrimination, or whether a reasonable person would believe Cox's work environment was hostile or abusive.

As such, the facts underlying plaintiffs' federal and state claims do not substantially overlap, and the presentation of the FLSA claims will not necessarily bring the facts underlying Cox's NJLAD claims before the Court.

Plaintiffs argue defendants could assert as an affirmative defense to the FLSA claims that plaintiffs were overtime exempt managerial employees. Such a defense would necessitate a

---

[2]   Cox's NJLAD race discrimination claim requires a showing that "(1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." Tourtellotte v. Eli Lilly & Co., 636 F. App'x 831, 842 (3d Cir. 2016).

Cox's NJLAD hostile work environment claim requires a showing that defendants' conduct "(1) would not have occurred but for the employee's [race]; and [the conduct] was (2) severe or pervasive enough to make a (3) reasonable [person of the same protected class] believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." Oguejiofo v. Bank of Tokyo Mitsubishi UFJ Ltd., 704 F. App'x 164, 170 n.11 (3d Cir. 2017) (internal quotation omitted).

more searching inquiry regarding plaintiffs' job duties.  See, e.g., Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995) ("The regulations pertinent to the resolution of this issue . . . specify a duties and a salary test, both of which must be satisfied to qualify for the bona fide executive exemption.") (internal quotations omitted).  Assuming arguendo plaintiffs are correct, the factual overlap between plaintiffs' FLSA claims and Cox's NJLAD claims remains insufficient to justify the exercise of supplemental jurisdiction.  As set forth above, Cox's NJLAD claims involve distinct factual issues, which are unrelated to her job duties.

Thus, retaining jurisdiction over Cox's NJLAD claims would "complicate this proceeding with no indication that either judicial economy or convenience would be advanced." Yahui Zhang v. Akami Inc., 2017 WL 4329723, at *11 (S.D.N.Y. Sept. 26, 2017) (internal quotation omitted).

Accordingly, the Court declines to exercise supplemental jurisdiction over Cox's NJLAD claims.

## CONCLUSION

Defendants' partial motion to dismiss is GRANTED.

Plaintiff Cox's discrimination claims under the NJLAD are DISMISSED without prejudice.

By April 2, 2018, defendants shall file an answer to the SAC.

The Clerk is instructed to terminate the motion.  (Doc. #97).

Dated: March 19, 2018
      White Plains, NY                   SO ORDERED:

                                                       _____
                                                       Vincent L. Briccetti
                                                       United States District Judge