UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN KOBECK and LASHONDA COX, on
behalf of themselves, FLSA Collective
Plaintiffs, and Class Members,
                    Plaintiffs,

v.

ARMONK BRISTAL LLC, ARMONK SENIOR
CARE LLC, WOODCLIFF LAKE SENIOR
CARE, LLC, WOODCLIFF LAKE BRISTAL
LLC, SAYVILLE BRISTAL LLC, WESTBURY
SENIOR LIVING, INC., LYNBROOK SENIOR
CARE, LLC, EB AT HOLTSVILLE, LLC,
LAKE GROVE SENIOR CARE LLC, EB
CARE AT WEST BABYLON LLC, ENGEL
BURMAN AT JERICHO, LLC, ENGEL
BURMAN AT ENGLEWOOD LLC, ENGEL
BURMAN AT WAYNE LLC, ULTIMATE
CARE ASSISTED LIVING MANAGEMENT
LLC, JAN BURMAN, STEVEN KRIEGER,
MARYELLEN MCKEON, LAURIE MUSTO,
LORI MALONEY, and SAMANTHA
KRIEGER,
                    Defendants.
--------------------------------------------------------------x

**ORDER OF DISMISSAL**

16 CV 8770 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/18

      On June 25, 2018, the parties in this Fair Labor Standards Act case filed settlement agreements (Docs. ##120-1, 120-2), and a joint statement explaining the basis for the agreements (Doc. #120), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      As an initial matter, the parties submitted a settlement agreement between defendants and non-party Barbara Mattesich. (Doc. #120-3). Mattesich was at one time a plaintiff in this case, but submitted a stipulation voluntarily dismissing her claims, which the Court "so ordered" on November 13, 2017. (Doc. #88). Accordingly, Mattesich is not a party in this case, and the Court has no jurisdiction to approve Mattesich's settlement agreement with defendants.

1

The Court has carefully reviewed the settlement agreements between Kobeck, Cox, and defendants, and has considered the following factors: (i) the parties' position as to the proper valuation of plaintiffs' claims; (ii) the risks and costs of continuing to litigate; (iii) the fact that the parties settled with the assistance of an experienced, privately-retained mediator, Ruth D. Raisfeld, Esq.; (iv) the fact that plaintiffs are represented by counsel; (v) the fact that plaintiffs no longer work for defendants; (vi) the fact that the confidentiality clauses are limited to plaintiffs' retaliation and discrimination claims; (vii) the fact that the non-disparagement clauses are mutual; (viii) the fact that plaintiffs are each receiving an amount substantially in excess of the estimated unpaid overtime wages calculated to be owed assuming plaintiffs were misclassified as overtime exempt employees; and (ix) the representation that all parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation.

Based on the foregoing, the Court finds that the settlement agreements are fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Moreover, the Court finds the attorneys' fees to be fair and reasonable under the circumstances.

## CONCLUSION

The parties' settlement agreements (Docs. ##120-1, 120-2) are APPROVED, and the case is DISMISSED with prejudice.

The Clerk is instructed to close this case.

Dated: June 26, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge